IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| ALFONSO SANCHEZ and ZENAIDA SANCHEZ, Individually and as Next Friends of Fernando Sanchez and Selena Teresa Sanchez, Minor Children, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 3:04-CV-0139-M |
| GENERAL MOTORS CORPORATION and CRISTI MARIE GONZALEZ, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File Their Second Amended Complaint, to Join Additional Defendant, and to Remand [#46]. This Motion is DENIED for the following reasons.

### Background and Analysis

Plaintiffs filed their Original Petition in state court on February 7, 2003. The case was removed to this Court on January 26, 2004. This Court appointed a Guardian *Ad Litem* and on February 24, 2005, granted a motion to continue the trial date and reopen discovery.

By their Motion, Plaintiffs seek permissive joinder of the Texas Department of Transportation ("TDOT"), under Federal Rule of Civil Procedure 20, and, if such joinder occurs, a remand to state court. The joinder of TDOT would destroy subject matter jurisdiction because diversity would cease to exist. Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In determining

1

whether to allow such joinder, this Court considers four factors: (1) the extent to which the purpose of amendment is to destroy federal jurisdiction; (2) whether Plaintiffs have been dilatory in requesting the amendment; (3) whether Plaintiffs will be injured significantly if the amendment is not permitted; and (4) any other factors bearing on the equities. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *See also Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001) (noting that the district court applied the four factors from *Hensgens* in a § 1447(e) joinder case).

By weighing these factors, this Court finds that Plaintiff's Motion for Leave to File the Second Amended Complaint to TDOT should not be granted. First, this suit was initiated on February 7, 2003. Plaintiffs seek to join the additional defendant over sixteen months after this case was removed. Plaintiffs could have included TDOT in their Original Petition in state court over two years ago. Indeed, it was entirely within Plaintiffs' control to choose what defendants to sue. *See generally Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968). Additionally, this Court must consider as another equitable factor whether the requested permissive joinder would prejudice the other party. The Defendant has been delayed in proceeding based on several actions of the Plaintiffs, and Plaintiffs do not explain adequately why TDOT was not sued earlier and why Plaintiffs could not separately pursue their claims against TDOT on a contingent fee basis in state court. Given these considerations, this Court finds that the balance of the *Hensgens* factors weighs against granting Plaintiffs' request to amend.

Therefore, Plaintiffs' Motion for Leave to File Their Second Amended Complaint and to Join Additional Defendant is DENIED. In light of these decisions, Plaintiffs' Motion to Remand is DENIED as moot.

**SO ORDERED.**

**DATED:** June 20, 2005.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS